

# NUMBER 13-19-00277-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

---

**ANTONIO COLIN A/K/A
ANTONIO MIGUEL CABALLERO,**                   **Appellant,**

**v.**

**STATE OF TEXAS,**                               **Appellee.**

---

### On appeal from the 226th District Court
### of Bexar County, Texas.

---

# MEMORANDUM OPINION

### Before Justices Benavides, Hinojosa, and Silva
### Memorandum Opinion by Justice Hinojosa

A jury convicted appellant Antonio Colin a/k/a Antonio Miguel Caballero of driving while intoxicated (DWI), a Class A misdemeanor enhanced to a third-degree felony offense due to prior DWI convictions. *See* TEX. PENAL CODE ANN. §§ 49.04(c), (d), 49.09. At punishment, the jury found Caballero to be a habitual offender and sentenced him to

forty years in the Texas Department of Criminal Justice—Institutional Division. By two issues, Caballero asserts the trial court erred when it: (1) issued a jury charge that incorrectly stated the amount of time Caballero would have to serve before he would be eligible for parole, resulting in egregious harm; and (2) allowed improper closing argument by the State. We affirm.

## I. BACKGROUND[1]

Caballero was charged by indictment for DWI, a Class A misdemeanor[2] enhanced to a third-degree felony because it was his fifth driving while intoxicated offense.[3] *See id*. § 49.09. After the guilt-innocence portion of the trial, the jury found Caballero guilty and the trial proceeded to the punishment phase.

During its punishment case-in-chief, the State presented two additional felony convictions from Caballero's criminal history—a 1997 felony burglary of a habitation with intent to commit theft, and a 2009 felony drug possession charge. Caballero pleaded "not true" to these allegations.

After the jury listened to punishment evidence and closing arguments, the trial court presented the jury charge. As relevant to this case, the jury charge set forth the

---

[1] This case is before this Court on transfer from the Fourth Court of Appeals in San Antonio pursuant to a docket-equalization order issued by the Supreme Court of Texas. *See* TEX. GOV'T CODE ANN. § 73.001.

[2] Although Caballero's driving while intoxicated misdemeanor was initially charged as a Class B offense, the Bexar County District Attorney's office elevated the offense to a Class A misdemeanor when the results of Caballero's blood alcohol draw revealed that his blood alcohol concentration was .23, well over the statutory level of .15 for a Class B offense. *See* TEX. PENAL CODE ANN. § 49.04(b), (d).

[3] Caballero's indictment revealed that his previous driving while intoxicated (DWI) charges included: (1) Cause No. 760011, a February 5, 2002 DWI conviction; (2) Cause No. 977698, an April 16, 2007 DWI conviction; (3) Cause No. 2009CR12110, a July 8, 2010 conviction of DWI with a child in the vehicle; and (4) Cause No. 2013CR5886, an August 5, 2013 DWI 3rd or more conviction. All these convictions arose from Bexar County, Texas.

following:

> If you find from the evidence beyond a reasonable doubt that the defendant has previously been finally convicted of two felony offenses, as alleged in Enhancement Paragraphs 1 and 2 of the indictment, and that the second previous felony conviction is for an offense that occurred subsequent to the first previous conviction having become final, you will so state by your verdict and assess the punishment of the defendant at confinement in the Texas Department of Criminal Justice, Institutional Division for life or for any term of not more than 99 years or less than 25 years.
>
> . . . .
>
> Under the law applicable in this case, the defendant, if sentenced to a term of imprisonment, may earn time off the period of incarceration imposed through the award of good conduct time. Prison authorities may award good conduct time to a prisoner who exhibits good behavior, diligence in carrying out prison work assignments, and attempts at rehabilitation. If a prisoner engages in misconduct, prison authorities may also take away all or part of any good conduct time earned by the prisoner.
>
> It is also possible that the length of time for which the defendant will be imprisoned might be reduced by the award of parole.
>
> Under the law applicable in this case, if the defendant is sentenced to a term of imprisonment, he will not become eligible for parole until the actual time served plus any good conduct time equals one-fourth of the sentence imposed or 15 years, whichever is less. Eligibility for parole does not guarantee that parole will be granted.
>
> It cannot accurately be predicted how the parole law and good conduct time might be applied to this defendant if he is sentenced to a term of imprisonment, because the application of these laws will depend on decisions made by prison and parole authorities.
>
> You may consider the existence of the parole law and good conduct time. However, you are not to consider the extent to which good conduct time may be awarded to or forfeited by this particular defendant. You are not to consider the manner in which the parole law may be applied to this particular defendant.

The jury found both enhancement offenses to be true, elevating Caballero's punishment range to a habitual status. *See id*. § 12.34 (providing that the range of

3

punishment for a third-degree felony is two to ten years' imprisonment); *id.* § 12.42(d) (stipulating that the range for a habitual offender is twenty-five to ninety-nine years' imprisonment). The jury ultimately sentenced Caballero to forty years' imprisonment. *See id.* § 12.42. Caballero appeals.

## II. JURY CHARGE

By his first issue, Caballero alleges the jury charge incorrectly set forth the amount of time Caballero would have to serve before he would be eligible for parole, an error which resulted in egregious harm.

### A.    Standard of Review

In analyzing a jury charge issue, we first determine whether error exists. *Hernandez v. State*, 533 S.W.3d 472, 481 (Tex. App.—Corpus Christi–Edinburg 2017, pet. ref'd) (citing *Almanza v. State*, 686 S.W.2d 157, 174 (Tex. Crim. App. 1984) (op. on reh'g)). If we find error, then we consider whether the error was harmful under the appropriate standard. *Jordan v. State*, 593 S.W.3d 340, 346 (Tex. Crim. App. 2020) (citing *Almanza,* 686 S.W.2d at 171). If there is error and the defendant preserved the alleged error, then we must reverse if we find "some harm." *Jordan*, 593 S.W.3d at 346; *Almanza*, 686 S.W.2d at 171.

When, as here, the charging error is not preserved, "the court will reverse upon a showing of 'egregious harm,' which occurs when the error created such harm that the appellant was deprived of a fair and impartial trial." *Chambers v. State*, 580 S.W.3d 149, 154 (Tex. Crim. App. 2019) (citing *Villarreal v. State*, 453 S.W.3d 429, 433 (Tex. Crim. App. 2015)); *Almanza*, 686 S.W.2d at 171. "Errors that result in egregious harm are those

that affect 'the very basis of the case,' 'deprive the defendant of a valuable right,' or 'vitally affect a defensive theory.'" *Gonzalez v. State*, 610 S.W.3d 22, 27 (Tex. Crim. App. 2020) (quoting *Ngo v. State,* 175 S.W.3d 738, 743 (Tex. Crim. App. 2005)). When considering whether a defendant suffered egregious harm, we must consider: (1) the entire jury charge; (2) the state of the evidence, including the contested issues and weight of probative evidence; (3) the argument of counsel; and (4) any other relevant information revealed by the record of the trial as a whole. *French v. State*, 563 S.W.3d 228, 237 (Tex. Crim. App. 2018); *Almanza*, 686 S.W.2d at 171.

## B.     Applicable Law

Texas procedural law provides that, prior to a jury's deliberation, the trial court must submit to the jury "a written charge distinctly setting forth the law applicable to the case." TEX. CODE CRIM. PROC. ANN. art. 36.14. Here, the State presented two enhancement charges which, when found true, elevated Caballero's punishment range from a third-degree felony to habitual offender status. *See* TEX. PENAL CODE ANN. §§ 12.34, 12.42. Texas Penal Code § 12.42(d) provides that

> if it is shown on the trial of a felony . . . that the defendant has previously been finally convicted of two felony offenses, and the second previous felony conviction is for an offense that occurred subsequent to the first previous conviction having become final, on conviction the defendant shall be punished by imprisonment in the Texas Department of Criminal Justice for life, or for any term of not more than 99 years or less than 25 years.

*See id*. § 12.42.

The charge also included language directly from article 37.07 of the code of criminal procedure. *See* TEX. CODE CRIM. PROC. ANN. art. 37.07, § 4(b). This language provided that, "[u]nder the law applicable in this case, if the defendant is sentenced to a

5

term of imprisonment, the defendant will not become eligible for parole until the actual time served plus any good conduct time earned equals one-fourth of the sentence imposed or 15 years, whichever is less." *See id*.

## C. Analysis

Caballero argues that the jury received an incorrect charge. He contends "the charge listed 15 years as a minimum mandatory and the actual mandatory sentence for [Caballero's] conviction was 25 years." Caballero asserts that "the jury, since presumed to follow the court's charge, had to be affected by this clear misstatement."

The State, on the other hand, disputes Caballero's claim that the jury charge was erroneous. Instead, the State argues that the jury charge was correct and that Caballero "conflates a minimum sentence with parole eligibility." We agree with the State. Although Caballero's enhanced "habitual offender" status raised the minimum sentence the jury could assess, the charge clearly set forth that (1) the range of punishment Caballero faced was "any term of not more than 99 years or less than 25 years" and (2) the jury could "consider the existence of parole and good conduct time" although it could not consider how good conduct time or the parole law might be applied to Caballero specifically. *See id*.; *Luquis v. State*, 72 S.W.3d 355, 366–67 (Tex. Crim. App. 2002); *Waters v. State*, 330 S.W.3d 368, 374 (Tex. App.—Fort Worth 2010, pet. ref'd) (holding that where a defendant was convicted of driving while intoxicated and his sentence was enhanced as a habitual offender to sixty years, that "[w]hat a jury can properly do, in following the charge, is determine how long a term it wishes a defendant to serve before that defendant may become *eligible* for parole because the jury is instructed on good-conduct time and is

6

furnished the formula for determining eligibility.") (emphasis in original).

Here, given Caballero's actual sentence of forty years, the jury could have considered that he will be eligible for parole when his "actual time served plus any good conduct time equals one-fourth of the sentence imposed or 15 years, whichever is less." *See* TEX. CODE CRIM. PROC. ANN. art. 37.07, § 4(b). The State concedes as much in their brief, noting that Caballero's eligibility for release is "well inside the 25 years that [he] fears he will serve before release."

We conclude that no jury charge error exists. *Almanza*, 686 S.W.2d at 174; *Hernandez*, 533 S.W.3d at 481. Having found no error, we need not conduct a harm analysis. *Almanza*, 686 S.W.2d at 171. We overrule Caballero's first issue.

### III. IMPROPER ARGUMENT

By his second issue, Caballero contends the trial court erred when it allowed improper argument.

### A. Standard of Review & Applicable Law

Permissible jury argument falls into one of four categories: "(1) summation of the evidence, (2) reasonable deduction from the evidence, (3) an answer to the argument of opposing counsel, and (4) plea for law enforcement." *Milton v. State*, 572 S.W.3d 234, 239 (Tex. Crim. App. 2019) (citing *Freeman v. State*, 340 S.W.3d 717, 727 (Tex. Crim. App. 2011)). Should a prosecutor's arguments exceed the bounds of these areas, such action will not constitute reversible error "unless, in light of the record as a whole, the argument is extreme or manifestly improper, violative of a mandatory statute, or injects new facts harmful to the accused into the trial proceeding." *Wesbrook v. State*, 29 S.W.3d

103, 115 (Tex. Crim. App. 2000). We review a trial court's ruling on an objection of improper jury argument for an abuse of discretion. *Milton,* 572 S.W.3d at 241**.**

**B.      Analysis**

Here, Caballero complains of the following remarks made by the prosecutor during closing arguments during the punishment phase:

> As you move through this, there is a section on parole law . . . . Generally, what I tell juries is that you can consider what affect he may get good time for. What that means is that you may assess him a punishment and he may not serve all of it, right? And so that can be used to affect, you know, whatever is it that you assess, and you can go delve deeper into that.

Later, on rebuttal, the prosecutor continued:

> You know where the floor is, it's 25 years. It goes all the way up to life. I'm not going to get involved in what y'all do back there. That's y'all's decision. But what I want you to understand is that number, you've got to lay down with a number tonight that you feel safe with, right? A number that you feel like he's going to prison, he's going to be there for this amount of time, regardless of how parole could affect that he doesn't serve that full sentence, and then in those amount of years, he might be right back here in Bexar County, or maybe he'll be up in Comal County drinking and driving and putting people at risk.
>
> . . . .
>
> I know 25 is a scary number, but what is scarier is waking up in the morning seeing a news story of, yet again, another family that's been killed by a drunk driver, of yet, again, someone who has lost their life because they were just driving at night, because somebody like Antonio Caballero got in the car at .24, passed out at an intersection, and something really bad happened. So, when you go back there, come back with a number that makes you feel comfortable that he's not going to continue to be a danger to our society. Protect our society, protect Bexar County in the sense that you send him to prison for enough time so that when you go to sleep tonight and in the next 20, 30 years, 40 years, you know that there's one less person out there that could possibly hit somebody and change the course of their life. Thank you.

Assuming without deciding that any of these statements are improper, we note that Caballero did not object to any remarks during the prosecutor's closing argument. To preserve any error based on improper jury argument, "the defendant must object to the argument and pursue the objection until the trial court rules adversely." *Hinojosa v. State*, 433 S.W.3d 742, 761 (Tex. App.—San Antonio 2014, pet. ref'd); *see also Mosley v. State*, 983 S.W.2d 249, 265 (Tex. Crim. App. 1998). Accordingly, we conclude Caballero cannot raise this complaint on appeal. *See* TEX. R. APP. P. 33.1(a)(1)(A); *Mosley*, 983 S.W.2d at 265; *Hinojosa*, 433 S.W.3d at 761. We overrule his second issue.

## IV. CONCLUSION

We affirm the trial court's judgment.

JUSTICE HINOJOSA
Justice

Do not publish.
TEX. R. APP. P. 47.2 (b).

Delivered and filed on the
4th day of March, 2021.

9